IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00249-LTB-KLM

ROGER SEALY, and
JACQUELYN SEALY, individually and as husband and wife,

    Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;
PATTERSON-UTI DRILLING COMPANY, LP, a Delaware limited liability partnership, and
LENNY ZESCHIN,

    Defendants.
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiffs' Motion to Compel the Attendance of Persons with Full Settlement Authority at Mediation** [Docket No. 26; Filed July 24, 2008] (the "Motion"). The caption of the Motion is misleading; Plaintiffs actually request that the Court require a representative of Defendant Patterson-UTI Drilling Company and Defendant Lenny Zeschin to attend a voluntary private mediation session in person. Counsel for Defendants responded that a representative of the corporate Defendants will attend the private mediation by telephone [Docket No. 32].

    The Court does not find any legal support for the notion that it can dictate the logistics of a voluntary private mediation, and as a matter of policy, is reluctant to do so. Voluntary external mediation sessions are just that – *voluntary*. If any party is dissatisfied with another party's approach to mediation logistics, it can decide not to participate in the mediation. The Court can – and will – make specific appropriate orders regarding the logistics of settlement conferences held by the Court, like the one scheduled in this case for October 14, 2008 at 1:30 p.m. But private voluntary mediations are not subject to the jurisdiction of the Court, as far as I can determine. Neither the Federal Rules of Civil Procedure, Local Rules of this Court or case authority (including that cited by Plaintiffs) supports the notion that a Magistrate Judge can interfere in a voluntary extrajudicial process. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated: July 30, 2008